UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

Gerardo Sanchez-Acuna,                          Civ. No. 26-1264 (PAM/DLM)

        Petitioner,

v.                                                                      **ORDER**

Warden of Sherburne County Jail and ICE
officials,

        Respondents.

---

Petitioner Gerardo Sanchez-Acuna is a convicted federal felon who was already subject to a final order of removal at the time he was convicted of a drug offense in this District. See United States v. Sanchez-Acuna, Crim. No. 22-335 (DWF/DJF) (D. Minn.). The order of removal was very nearly carried out before the criminal proceeding could be completed,[1] but Sanchez-Acuna eventually pleaded guilty and was sentenced to a term of imprisonment, which he served until late January 2026. (See Petition (Docket No. 1) at 2.) After that term of imprisonment ended, Sanchez-Acuna was transferred from the custody of the Federal Bureau of Prisons to the custody of U.S. Immigration and Customs Enforcement, where he remains awaiting removal from the United States.

Sanchez-Acuna has filed a petition for a writ of habeas corpus requesting "immediate judicial intervention due to [his] continued detention." (Id. at 1.) The petition,

---

[1] See Sanchez-Acuna, Docket No. 68 (D. Minn. June 28, 2023) (Frank, J.) (pretrial detention order noting that "[i]n the last week, immigration authorities have arrested [Sanchez-Acuna] and indicated that he is subject to removal in just a few weeks").

which appears to have been generated by artificial intelligence, is not a model of clarity, but Sanchez-Acuna alleges that his removal from the United States is not reasonably foreseeable and that he should not be held indefinitely in detention awaiting a removal that is not likely to happen. Sanchez-Acuna requests that he be released from detention until such time as his removal is likely to go forward. The habeas petition is now before the Court on initial review pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.[2] As a result of that review, the Court concludes that the petition should be summarily denied and this matter dismissed.

The government may, and often must, detain a person subject to a final order of removal that has become administratively final. See 8 U.S.C. § 1231(a). Removal cannot always be effected immediately, however. Because the language of § 1231(a)(6) can be read to authorize "indefinite and potentially permanent" detention, thus raising serious due process concerns, the Supreme Court has construed that provision to implicitly limit "detention to a period reasonably necessary to bring about that alien's removal from the United States." Zadvydas v. Davis, 533 U.S. 678, 689 (2001).

Nothing in Sanchez-Acuna's habeas petition plausibly suggests that his detention has extended, or is likely to extend, beyond the period reasonably necessary to bring about his removal. First, Sanchez-Acuna has been in the custody of U.S. Immigration and Customs Enforcement for only about three weeks. (See Petition at 2.) This is far less than "the six-month period of presumptively reasonable detention" contemplated by Zadvydas.

---

[2] Sanchez-Acuna's habeas petition is not brought under 28 U.S.C. § 2254, but the Rules Governing Section 2254 Cases may nevertheless be applied to the petition. See Rule 1(b).

Bah v. Cangemi, 489 F. Supp. 2d 905, 916 (D. Minn. 2007) (Schiltz, C.J.).   Second,

Sanchez-Acuna has previously represented to the Court that his removal from the United

States was likely to be effected imminently upon his return to the custody of U.S.

Immigration and Customs Enforcement.   See Sanchez-Acuna, Docket No. 138 at 15 (D.

Minn. Jan. 5, 2024) (Sanchez-Acuna acknowledged in his sentencing position paper that

he was "aware that staying here is not likely and that, at the end of any sentence, ICE will

deport him").   The habeas petition provides no reason to believe that these prior

representations to the Court were false or have stopped being true since the time that the

representations were made.   For example, Sanchez-Acuna asserts that his removal is

unlikely to be carried out because he has applied for a U visa as the victim of a crime.   But

"applicable regulations make clear that a pending U-visa application has no effect on the

ability of the government to execute a valid removal order."   Inemo S. C. v. Dep't of

Homeland Security, Civ. No. 19-2881, 2020 WL 1685856, at *3 (D. Minn. Apr. 7, 2020)

(Schiltz, C.J.) (citing 8 C.F.R. § 214.14(c)(1)(ii)).

At bottom, there is no reason from the habeas petition to believe that Sanchez-

Acuna's detention is, at this time, unlawful.   Accordingly, his habeas petition is denied and

this matter dismissed.

Accordingly, **IT IS HEREBY ORDERED that:**

1.    The petition for a writ of habeas corpus of Petitioner Gerardo Sanchez-Acuna

    (Docket No. 1) is **DENIED**.

2.    This matter is **DISMISSED**.

    **LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: <u>February 18, 2026</u>                 <u>*s/ Paul A. Magnuson*</u>
                                        Paul A. Magnuson
                                        United States District Court Judge